UNITED STATES of America, Plaintiff,

v.

Richard ROSARIO–RODRIGUEZ (41), Jose Rivera–Melendez (33), Defendants.

Criminal No. 95–029 (JAF).

United States District Court, D. Puerto Rico.

Feb. 10, 1998.

John M. Katko, Corbin Weiss, Trial Attorneys, U.S. Dept. of Justice, San Juan, PR, for Plaintiff.

Lydia Lizarribar–Masini, San Juan, PR, for Defendant.

### OPINION AND ORDER

FUSTE, District Judge.

The instant matter before the court involves the appropriateness of attorney Lydia Lizarribar simultaneously representing two codefendants, Richard Rosario–Rodríguez and José Rivera–Meléndez for a variety of criminal charges related to the Santiago–Lugo drug organization.[1]

### I.

On February 2, 1998, this court conducted a Foster hearing to determine whether there was an actual or potential conflict of interest in counselor Lizarribar's joint representation of these two defendants. At the hearing, the court questioned both Rivera–Meléndez and Rosario–Rodríguez regarding the joint representation and thoroughly explained its potential inhibition upon Mrs. Lizarribar's effective representation of each. Both defendants consistently maintained that they understood and accepted the risks the joint representation may pose.

Upon the court's inquiry, the two defendants stated that they were not friends and did not know each other. Each defendant has a very basic education, and stated that he had not discussed the consequences of having the same attorney. Rivera–Meléndez retained Mrs. Lizarribar, with the financial assistance of his family, *after* she had accepted a Criminal Justice Act appointment to represent Rosario–Rodríguez.

---

1. Codefendant Richard Rosario–Rodríguez is charged with conspiracy to engage in drug trafficking, and using and carrying a firearm in relation to the crime of drug trafficking. Codefendant José Rivera–Meléndez is charged with conspiracy to engage in drug trafficking, conspiracy to kill while engaging in a conspiracy to distribute controlled substances, intentional killing in furtherance of a drug-trafficking conspiracy, and killing of a government witness.

The court also asked both attorney Lizarribar and the government to defend or oppose her simultaneous representation of the two defendants. Mrs. Lizarribar stated that she examined the discovery materials for the government's case against Richard Rosario–Rodríguez, and was unable to find any conflict. In its argument that attorney Lizarribar should not be permitted to represent both defendants simultaneously, the government first pointed out the gravity of the stakes involved—José Rivera–Meléndez is facing a possibility of at least life in prison, and possibly the death penalty. The government argued that the tremendous amount of work involved in representing only one defendant made the effective representation of two defendants too grueling to be effective. Furthermore, the government stated that there was a real possibility that, during the course of her representation, attorney Lizarribar would be forced to make decisions that benefit one client at the expense of the other. The government contended that the indictment charges that José Rivera–Meléndez was, in effect, trying to kill the Rosario–Rodríguez brothers, including Richard Rosario–Rodríguez, after the drug-trafficking organization headed by Israel Santiago–Lugo split and the Rosario–Rodríguez brothers withdrew and engaged in a separate, adversary drug conspiracy, and a drug war ensued between the two factions.

## II.

To ensure fairness in the adversary criminal process, where an unaided layman may not have the legal skill to argue successfully, the Sixth Amendment to the Constitution guarantees the accused the right to the assistance of counsel. U.S. Const., amend. XI; *United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). In *Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988), the United States Supreme Court specifically addressed the question of the extent to which a criminal defendant's right under the Sixth Amendment to choose counsel is qualified by the fact that the attorney has represented other defendants charged in the same criminal conspiracy.

Joint representation of codefendants raises a conflict of interest by tending to prevent an attorney from ardently pursuing her duties. For example, a conflict may prevent an attorney from challenging the admission of evidence prejudicial to one client but favorable to another; or where a plea bargain is conditioned on one defendant testifying against another; or from arguing at the sentencing hearing the relative involvement and culpability of one of his clients in order to minimize the culpability the other. *Holloway v. Arkansas,* 435 U.S. 475, 489–90, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *United States v. Hernandez–Lebron,* 23 F.3d 600, 602 (1st Cir.1994) Waivers by all affected defendants do not cure all the problems created by multiple representation.

The interests involved include that of the criminal defendant in securing effective representation, and that of both the prosecution and system of justice in reaching a just verdict and avoiding the need for a repetition of the proceedings. Meanwhile, the trial court is stuck between a rock and a hard place. If it agrees to the multiple representation, and counsel is ineffective as a result, the defendant may claim that he did not receive effective assistance in contravention of the Sixth Amendment. *See, e.g., Burger v. Kemp,* 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987). However, if the court denies the multiple representation, the defendant may claim that his right to choose counsel under the Sixth Amendment was impaired. *See, e.g., Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) Given this thin ground upon which district courts must tread when deciding such a delicate issue, we are given substantial latitude in refusing waivers of conflicts of interest. *Wheat v. United States,* 486 U.S. at 163.

Federal Rule of Criminal Procedure 44(c) seeks to alleviate the potential for serious danger under such circumstances by requiring trial judges to make a prompt inquiry into the matter of joint representation, and personally advise each defendant of his right to separate, effective representation. Under Rule 44(c), the trial court must "promptly inquire with respect to such joint representa-

tion and ... personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed.R.Crim.P. 44(c). Moreover, "[u]nless it appears that there is good cause to believe no conflict of interest is likely to arise, the court ... [must] take such measures as may be appropriate to protect each defendant's right to counsel." *Id.* The First Circuit has an antecedent to Rule 44(c) which is found in *United States v. Foster,* 469 F.2d 1 (1st Cir.1972). There, the court stated:

> [I]t shall be the duty of the trial court, as early in the litigation as practicable, to comment on some of the risks confronted where defendants are jointly represented to insure that defendants are aware of such risks, and to inquire diligently whether they have discussed the risks with their attorney, and whether they understand that they may retain separate counsel appointed by the court and paid for by the government.

*Id.* at 5. This court fully followed the instructions of Rule 44(c), and conducted an extensive *Foster* hearing to inquire whether the defendants had discussed and understood the risks involved in their joint representation by attorney Lizarribar.

 We have no doubt "that the loyalty a lawyer owes to his client is so basic to rendering effective assistance that it should not be sullied by even the appearance of a possible conflict." *United States v. Mazzaferro,* 865 F.2d 450, 456 (1st Cir.1989). Here, the theory of the prosecution's case rests on the assertion that José Rivera–Meléndez was trying to kill the rival leaders of a competing drug-trafficking organization. The Rosario–Rodríguez brothers are the purported leaders of the rival gangs. Therefore, since the positions of José Rivera–Meléndez and Richard Rosario–Rodríguez are as described, the potential for conflict is overwhelming. We, therefore, heed the First Circuit's warning that it would be more prudent ordinarily to refuse to permit such joint representation. *Id.* at 456.

### III.

While we recognize a presumption in favor of a defendants' counsel of choice, that presumption has been overcome given the serious potential for conflict arising from attorney Lizarribar's simultaneous representation of both Richard Rosario–Rodríguez and José Rivera–Meléndez, members of rival gangs who engaged in murders of their adversaries as a result of the ensuing drug war. We, accordingly, **ORDER** attorney Lydia Lizarribar to cease her representation of codefendant José Rivera–Meléndez in this case, and only to represent the defendant to whom she first committed herself, Richard Rosario–Rodríguez. José Rivera–Meléndez will retain counsel **within ten (10) days.**

**IT IS SO ORDERED.**